UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**JESSE R. McNUTT**     **PLAINTIFF**

v.     **CIVIL ACTION NO. 5:11-CV-148-R**

**EDWIN N. WHITE et al.**     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jesse R. McNutt, *pro se*, moves to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) in this case (DN 3). The Court concludes that Plaintiff cannot without undue hardship pay the fees or costs in this action. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion (DN 3) is **GRANTED**.

This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff initiated this action by filing a complaint against Defendants Edwin N. White and Robert J. Hines, who he refers to as "purported judges." He states that this Court has jurisdiction under 18 U.S.C. § 1001 and 28 U.S.C. § 1331. He asserts that on December 21, 2009, and July 27, 2011, orders were entered by the Calloway Circuit Court order by court officers who were without jurisdiction to do so or to sell real property located at 1405 W. Main St., Murray, Kentucky. Among other things, he attaches a copy of a Calloway Circuit Court entered on November 17, 2009, and signed by Senior Judge Edwin White ordering Plaintiff to produce evidence that he can pay his debt to the United States. He also attaches a Calloway

Circuit Court order dated July 27, 2011, referring the case to a master commissioner for a judicial sale.

In his motion for injunctive relief, Plaintiff states that this Court has jurisdiction under 28 U.S.C. § 1331 and "Appeal of Fee Determination under Equal Access to Justice." He asks two seemingly rhetorical questions:

> 1. Can two courts have jurisdiction at the same time over the same personal subject matter? When the matter has been adjudicated res judicata by a court of competent jurisdiction. 2. Can a Kentucky state court order a sale of real property . . . for a fine and fee while ignoring an order by a Federal court of competent jurisdiction?

As relief, Plaintiff asks for a temporary injunction prohibiting the sale of his home.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion

thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff has not provided any basis for this Court to exercise jurisdiction over this case. Section 1001 of Title 18 of the U.S. Code is part of the criminal code, and there is no private cause of action under this statute. *See Abou-Hussein v. Gates*, 657 F. Supp. 2d 77, 81 (D.D.C. 2009). Under the federal-question statute, codified at 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, Plaintiff does not point to any constitutional or federal-law provision in his complaint.

In his affidavit which he attaches to his motion for injunctive relief, he states:

> Quasi-military tribunals &/or quasi administrative commissioners acting under color of law hold no treaty jurisdiction/venue nor is there any "trust" relationship held by United States Corporation of America as denied in Title 28 U.S.C. § 3002(15)(A) the above are without mandate or political jurisdiction over my status as a belligerent claimant to a republican form of government granting me unalienable rights as a man. Const. Art. IV. § 4.

Article IV, Section 4, also known as the Guarantee Clause, presents no justiciable question. *See Baker v. Carr*, 369 U.S. 186, 224 (1962); *City of Rome v. United States*, 446 U.S. 156, 182 n.17 (1980) ("We do not reach the merits of the appellants' argument that the Act

violates the Guarantee Clause . . . since that issue is not justiciable."); *Luther v. Borden*, 48 U.S. 1 (7 How.) 1, 38-39 (1849). Thus, the Court finds that Plaintiff has provided no jurisdictional basis for this action, which is his burden to do. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Moreover, what Plaintiff wishes to do in this case is challenge the decision of a Kentucky state court. As such, this case is barred by the *Rooker-Feldman* doctrine, under which federal courts lack jurisdiction to review a case litigated and decided in state court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The doctrine prevents both a direct attack of the substance of a state-court decision and a challenge to the procedures used by the state court in arriving at its decision. *Anderson v. Charter Twp. of Ypsilanti*, 266 F.3d 487, 493 (6th Cir. 2001).

Because Plaintiff is "asking this Court to enter an order that will effectively render the final judgment entered by the state court null and void," his complaint is "subject to dismissal for lack of subject matter jurisdiction and fails to state a claim upon which relief may be granted." *McCroy v. New York Bank and Trust Co.*, No. 08-12701, 2008 WL 2714116, at *1 (E.D. Mich. July 07, 2008) (dismissing case as frivolous under § 1915(e) where *pro se* plaintiff sued bank after property foreclosed on in state-court proceeding); *see also Moore v. Deutsche Bank Nat'l*, No. 07-11114, 2007 WL 3053675, at **4-5 (E.D. Mich. Oct. 19, 2007) (finding that dismissal under § 1915(e)(2) warranted based on *Rooker-Feldman* abstention where plaintiff's property sold as a result of a state-court foreclosure action).

4

## III. <u>CONCLUSION</u>

For the foregoing reasons, the Court will enter an Order consistent with this Memorandum Opinion and Order.

Date:


cc: Plaintiff, *pro se*
4413.009